IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------X
**COMMONWEALTH SCIENTIFIC** )
**AND INDUSTRIAL RESEARCH** )
**ORGANISATION**, Limestone Avenue )
Campbell, Australian Capital )
Territory, 2612, AUSTRALIA )
                                                             Plaintiff, )      Civil Action No.
    v. )
 )
**HON. DAVID J. KAPPOS**, )
In His Official Capacity As Under )
Secretary of Commerce for )
Intellectual Property and Director of the )
United States Patent and Trademark Office. )
 )
Office of General Counsel, United States )
Patent and Trademark Office, )
P.O. Box 15667, )
Arlington, VA 22215 )
 )
Madison Building East, Rm 10B20, )
600 Dulany Street, )
Alexandria, VA 22314 )
 )
                                                            Defendant. )
---------------------------------------------------------X

## COMPLAINT

Plaintiff Commonwealth Scientific and Industrial Research Organisation ("Plaintiff" or "CSIRO"), for its Complaint against Defendant Honorable David J. Kappos, in his official capacity as the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, states as follows:

## NATURE OF THE ACTION

1.    This is an action by the assignee of United States Patent No. 7,521,593 (the "'593 Patent") for review of the determination by Defendant pursuant to 35 U.S.C. § 154, of the patent

1

term accorded to the '593 Patent. Plaintiff seeks a judgment pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment of the '593 Patent be changed from 247 days to 842 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Plaintiff CSIRO is a corporation organized and operating under the laws of Australia, having a principal place of business at 250 Limestone Avenue, Campbell, Australian Capital Territory, 2612, Australia.

4. Defendant David J. Kappos ("the Director") is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for all duties required by law with respect to the granting and issuing of patents. The Director is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## FACTS APPLICABLE TO ALL COUNTS

8.  Ahmed Regina, Matthew Kennedy Morell, and Sadequr Rahman are the inventors named on the '593 Patent. A true and correct copy of the '593 Patent is attached hereto as Exhibit A.

9.  Plaintiff CSIRO is the owner by assignment from the inventors of all right, title and interest in the '593 Patent, as evidenced by the assignment recorded with the PTO, and is the real party in interest in this case.

10. 35 U.S.C. § 154 requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of § 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In calculating the patent term adjustment, the Director must account for PTO delays under 35 U.S.C. § 154(b)(1)(A) and (B), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the Applicants under 35 U.S.C. § 154(b)(2)(B), and any delays by applicant under 35 U.S.C. § 154(b)(2)(C).

12. The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and on April 21, 2009, the '593 Patent issued with a patent term adjustment of 258 days listed on the face of the patent.

13. As directed by 35 U.S.C. § 154(b)(3)(B)(ii), the Director has prescribed regulations providing Applicants with "one opportunity to request reconsideration of any patent term adjustment determination made by the Director." Specifically, 37 C.F.R. § 1.705(d)

3

provides that "any request for reconsideration of the patent term adjustment indicated in the patent must be filed within two months of the date the patent issued."

14.   On June 19, 2009, CSIRO timely filed with the PTO a Petition Regarding Patent Term Adjustment (PTA) Indicated In Notice of Allowance under 37 C.F.R. § 1.705(d) and 35 U.S.C. § 154 ("the Petition for Reconsideration") to correct errors in the Director's patent term adjustment determination to the '593 Patent. A true and correct copy of the Petition for Reconsideration is attached hereto as Exhibit B.

15.   On September 15, 2009, the PTO issued a Decision Dismissing the Petition For Reconsideration of Patent Term Adjustment (PTA) Under 37 C.F.R. § 1.705(d) ("the Decision"). The Decision accepted CSIRO's correction of the PTO's initial patent term adjustment calculation and adjusted the patent term adjustment by eleven days, from 258 days to 247 days. However, the Decision refused CSIRO's request for an additional 615 days in accordance with *Wyeth v. Dudas*, 580 F.2d 138 (D.D.C. 2008), which would result in a total patent term adjustment of 842 days. A true and correct copy of the Decision is attached hereto as Exhibit C.

16.   Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph [154(b)](3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

## CLAIM FOR RELIEF

17. The allegations of paragraphs 1 - 16 are incorporated in this claim for relief as if fully set forth.

18. The patent term adjustment for the '593 Patent, as determined by the Director under 35 U.S.C. § 154(b), and now listed on the face of the '593 patent, is 258 days. The patent term adjustment for the '593 Patent as modified by the Director in the September 15, 2009 Decision is 247 days (*See*, Ex. C).

19. Both the determination of the 258 day and of the 247 day patent term adjustment are in error because in making both determinations the PTO failed to properly account for delays that occurred after the date that was three years after the actual filing date of U.S. Serial No. 10/434,893 (the '893 application) pursuant to 35 U.S.C. § 154(b)(1)(B) ("B Delay"). The '893 application was filed on May 9, 2003 and issued as the '593 Patent on April 21, 2009.

20. The correct patent term adjustment for the '593 Patent is 842 days.

21. Under 35 U.S.C. § 154(b)(1)(A), CSIRO is entitled to a patent term adjustment of a period of 585 days, the number of days attributable to PTO examination delay ("A Delay"), pursuant to 35 U.S.C. § 154(b)(1)(A)(i), due to the PTO's failure to mail an action under 35 U.S.C. § 132 not later than fourteen months from the actual filing date of the application. This period consists of the length of time from July 10, 2004 (fourteen months after the filing date of the '893 application) to February 14, 2006, which is the mailing date of a notification under 35 U.S.C. § 132.

22. Under 35 U.S.C. § 154(b)(1)(B), CSIRO is also entitled to an additional patent term adjustment for the '593 Patent of 615 days, the number of days attributable to the PTO's

"failure to issue a patent within 3 years after the actual filing date of the ['893] application," but not including "any time consumed by continued examination of the application requested by the applicant under section 132(b)." The B Delay period therefore consists of the period commencing on May 10, 2006 (the day after the date that is three years after the '893 application filing date) until the issue date of the '593 Patent, excluding the period between January 14, 2008 (the date a requested for continued examination of the '893 application under 35 U.S.C. § 132(b) was filed) and April 21, 2009 (the issue date of the '593 Patent).

23. Thus, the total period of PTO delay is 1200 days, the sum of the period of A Delay (585 days) and the period of B Delay (615 days).

24. 35 U.S.C. § 154(b)(2)(A) provides that "to the extent that periods of delay attributable to grounds specified in paragraph [154(b)](1) overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance was delayed." The overlap between the A Delay period and the B Delay period in the prosecution of the '893 application leading to the '593 Patent is 0 days (i.e., no overlap).

25. The '593 Patent is not subject to a terminal disclaimer. Thus, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

26. Under 35 U.S.C. § 154(b)(2)(C), the total period of PTO delay is reduced by the number of days of Applicants' delay which is determined as 358 days as follows, not 357 days as determined by the PTO:

    a. A period of delay of 34 days due to the failure of Applicants to timely respond to the PTO's July 24, 2003 Notice to File Missing Parts within three months. The period of adjustment for delay associated with this reply begins on the day after the date that is three months after the July 24, 2003 date of mailing of the Notice

6

to File Missing Parts, i.e., October 25, 2003, and ends on the date the reply was filed, i.e., November 28, 2003.

b. A period of delay of 4 days due to the failure of Applicants to timely respond to the PTO's May 5, 2006 Restriction Requirement within three months. The period of adjustment for delay associated with this reply begins on the day after the date that is three months after the May 5, 2006 date of mailing of the Office Action, i.e., August 6, 2006, and ends on the date the reply was filed, i.e., August 9, 2006.

c. A period of delay of 26 days, due to Applicants' submission of an Information Disclosure Statement ("IDS") after the date of the Amendment in Response to the May 5, 2006 Office Action, which was filed on August 9, 2006. The period of adjustment for delay associated with this IDS begins on the day after the Amendment in response to the Office Action was filed, i.e., August 10, 2006, and ends on the date the IDS was filed, i.e., September 5, 2006.

d. A period of delay of 93 days, due to the failure of Applicants to timely respond to the PTO's October 19, 2006 Office Action within three months. The period of adjustment for delay associated with this reply begins on the day after the date that is three months after the October 19, 2006 date of mailing of the Office Action, i.e., January 20, 2007, and ends on the date the reply was filed, i.e., April 23, 2007.

e. A period of delay of 94 days, due to the failure of Applicants to timely respond to the PTO's July 11, 2007 Final Office Action within three months. The period of adjustment for delay associated with this reply begins on the day after the date that is three months after the July 11, 2007 date of mailing of the Office Action,

7

i.e., October 12, 2007, and ends on the date the reply was filed, i.e., January 14, 2008.

f. A period of delay of 34 days, due to the failure of Applicants to timely respond to the PTO's April 3, 2008 Office Action within three months. The period of adjustment for delay associated with this reply begins on the day after the date that is three months after the April 3, 2008 date of mailing of the Office Action, i.e., July 4, 2008, and ends on the date the reply was filed, i.e., August 7, 2008.

g. A period of delay of 67 days, due to Applicants' submission of a Communication in Response to a January 22, 2009 Notice to File Corrected Application Papers after the issuance of the December 3, 2008 Notice of Allowance. The period of adjustment for delay associated with this reply begins on the day after the date of mailing of the December 3, 2008 Notice of Allowance, i.e., December 4, 2008, and ends on the date the reply was filed, i.e., February 9, 2009.

h. A period of delay of 6 days, due to the failure of Applicants to timely submit Applicants' base issue fee and publication fee payment within three months of the issuance of the December 3, 2008 Notice of Allowance. The period of adjustment for delay associated with this reply begins on the day after the date that is three months after the date of mailing of the December 3, 2008 Notice of Allowance, i.e., March 4, 2009, and ends on the date the issue fee payment was received and verified, i.e., March 9, 2009.

i. Thus, the total period of Applicants' delay under 35 U.S.C. § 154(b)(2)(C) is 358 days, which is the sum of the periods of 34 days, 4 days, 26 days, 93 days, 94 days, 34 days, 67 days and 6 days.

8

27.     Accordingly, the correct patent term adjustment to which CSIRO is entitled under 35 U.S.C. § 154(b)(1) and (2) is 842 days, which is the difference between the total period of PTO delay (1200 days) and the period of Applicants' delay (358 days).

28.     The Director erred in the determination of patent term adjustment for the '593 Patent by erroneously treating the entire period of PTO A Delay as overlapping with the entire period of PTO B Delay, and including only the A Delay, instead of the sum of both the A Delay and the B Delay in the patent term adjustment. Thus, the Director incorrectly calculated a patent term adjustment for the '593 Patent as 247 days.[1]  By this erroneous calculation, the Director has deprived CSIRO of the full patent term adjustment to which it is entitled under the applicable statutes (calculated above as 842 days).

29.     In its opinion in *Wyeth v. Dudas*, 580 F.Supp.2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining the patent term adjustment. In accordance with *Wyeth*, the patent term adjustment for the '593 Patent is properly determined to be 842 days, as set forth above.

30.     The Director's determination that the '593 Patent is entitled to only 247 days (*See*, Ex. C) of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

---

[1] In the September 15, 2009 Decision (Ex. C at p. 7) the Director applied CSIRO's approach to calculating the term, in part, and arrived at a patent term adjustment of 247 days, not 258 days as the Director originally calculated and as originally listed on the front of the '593 patent.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Issue an Order changing the period of patent term adjustment for the '593 Patent term from 247 days to 842 days and requiring the Director to alter the terms of the '593 Patent to reflect the 842 day patent term adjustment.

B.  Issue an Order requiring the Director to correct the front page of the '593 Patent, issue an appropriate Certificate of Correction, and otherwise take action to reflect on the '593 Patent the 842 day patent term adjustment; and

C.  Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Dated: October 19, 2009

Respectfully submitted,

_____
Glenn E. Karta, Esq. (D.C. Bar No. 439,402)
Rothwell Figg Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

*Attorneys for Plaintiff*
Commonwealth Scientific and Industrial
Research Organisation

OF COUNSEL:
John P. White (to be admitted *pro hac vice*)
Gary J. Gershik (to be admitted *pro hac vice*)
Tonia A. Sayour (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10036
Tel.: (212) 278-0400
Fax: (212) 391-0525

10